JOSÉ ENRIQUE VALEDÓN, Plaintiff and Appellee, *v.* ERNESTO FERNÁNDEZ and ROYAL INDEMNITY COMPANY, Defendants and Appellants.

No. 11559. Argued May 2, 1955.—Decided May 6, 1955.

*José A. Amadeo* and *Santos P. Amadeo* for appellant.   *F. Fernández Cuyar* for appellee.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

In the afternoon of January 22, 1954, José Enrique Valedón suffered severe injuries in his home at Isern Street in Santurce, when the commercial bus, license No. C 115–108, belonging to Ernesto Fernández and driven by his employee Ovidio Acevedo Villanueva, violently broke into Valedón's residence.

José Enrique Valedón filed a complaint for damages against the owner of the vehicle and against the insurance company.  Defendants answered the complaint and denied the chauffeur's negligence.  At a pre-trial hearing the insurance company, Royal Indemnity Company, consented to a judgment against it for the limit of its liability which was $5,000, but without including costs or attorney's fees.  The decision as to whether such a judgment, under the conditions previously indicated, could be rendered against the Royal Indemnity Company was left pending, and the case was set for hearing.  At the trial the insurance company ratified its position.[1]  The court admitted the evidence presented by plaintiff and by defendant Fernández and thereafter rendered judgment ordering defendants to pay plaintiff the amount of fifteen thousand dollars ($15,000), limiting the liability of the Royal Indemnity Company to $5,000 plus costs and $1,500 for attorney's fees.

Both defendants appealed.  Plaintiff-appellee requests the dismissal of the appeal filed by defendant-appellant Ernesto Fernández because it is frivolous.

---

[1] After the trial, which lasted more than one day, the insurance company deposited in court the amount of $5,000.

In his brief appellant assigns the following single error:

"The trial court acted with prejudice and passion in repudiating defendant's theory as to the cause of the accident which caused damage to plaintiff, in weighing defendant's evidence and in rendering judgment for plaintiff."

The trial court made, among others, the following findings of fact:

"1.—On January 22, 1954, between 4 and 5 p.m., plaintiff was lying in bed in his home at 1859 Isern Street.

"2.—On that date and at that time the commercial bus, license No. C 115–108, owned by defendant Ernesto Fernández and driven by Ovidio Acevedo Villanueva, an employee of Fernández who was acting within the scope of his employment, swerved from the street on which it was traveling in front of plaintiff's house, went up on the sidewalk in front of the house, which sidewalk is about four feet wide and has an elevation of six inches above the street level, destroyed the iron and concrete fence of plaintiff's house and continued its way into the garden of said house, which is about twenty feet from the street, and collided with the exterior wall of the house, tearing down planks and beams before coming to a standstill.

"3.—The violent impact between the bus and the wall of plaintiff's house, against which rested the bed where he was lying, hurled plaintiff from his bed against a wardrobe across the room, causing him a serious blow in his neck or at the base of the skull.

"4.—   .      .      .      .      .      .      .      .

"5.—The proximate cause of the accident was the excessive speed at which defendant's commercial bus was driven when rounding the curve of Pomarrosa and Isern Streets."

■■ There was no controversy as to the trial court's findings Nos. 1, 2, and 3. Those facts were proved by the evidence of both plaintiff and defendants. The controversy centered on the speed of the vehicle in question and the cause for swerving towards plaintiff's house. The evidence of defendant Fernández, which was not believed by the court, tended to show that on the afternoon of the accident, Acevedo, the chauffeur, was driving Fernández' bus along

Pomarrosa Street, in Santurce, and after rounding a curve he entered Isern Street at a speed of 15 to 20 miles per hour; that after he was on Isern Street, and as he passed in front of Valedón's house, he met an automobile which was going in the opposite direction; that suddenly, behind that other automobile, a little girl came running out to cross the street and then Acevedo applied the brakes and swerved towards his right so as not to hit the child; that the street was wet and the bus skidded and followed the course already described by the trial court in its findings.

Said court was justified in rejecting appellant's theory. All the circumstances show that the vehicle's speed was the cause of the accident. Notwithstanding the fact that the driver applied the brakes, according to his own testimony, the vehicle went up on a sidewalk which is six inches above the street level, continued its course and destroyed an iron and concrete fence without stopping, afterwards advancing a distance of 20 feet, until it finally collided with one of the walls of appellee's house, tearing down several planks and a beam. As a result of that last impact the appellee was violently hurled out of his bed for a distance of about 4 to 5 feet.

On previous occasions this Court has said that evidence as to the force of the impact of a collision is of significance, and may by itself or in connection with other circumstances be of sufficient weight to warrant a jury in finding negligence as to speed. *Efret* v. *Quiñones*, 40 P.R.R. 183. In this case the error attributed by appellant to the trial court in not believing his evidence to the effect that the bus was going at a speed of 15 to 20 miles per hour is untenable. *People* v. *Rivera*, 69 P.R.R. 500.

There is no basis for appellant's contention that the trial court acted with passion and prejudice. In his brief he does not assign any incident, nor have we been able to find anything in the record, that shows passion or prejudice

against him on the part of said court. His contention is, therefore, frivolous.

For the foregoing reasons, the appeal taken by deferdant, Ernesto Fernández, is dismissed as frivolous and he is ordered to pay the costs on appeal and $300 for attorney's fees.